**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES LINLOR, | No. 12-15061 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00508-LRH-WGC |
| v. | |
| NEVADA DEPARTMENT OF MOTOR VEHICLES, | MEMORANDUM* |
| Defendant, | |
| And | |
| BRUCE H. BRESLOW, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted February 12, 2014
San Francisco, California

_____

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before:    CONSUELO M. CALLAHAN and MILAN D. SMITH, JR. Circuit
           Judges, and EDWARD R. KORMAN, Senior District Judge.[**]

Appellant James Linlor ("Linlor") appeals the dismissal of his suit against Bruce H. Breslow ("Breslow"), the former director of the Nevada Department of Motor Vehicles ("DMV"), which was filed as a result of the DMV's denial of Linlor's applications for personalized license plates. In 2009 and 2010, the DMV denied Linlor's applications, on behalf of his wholly owned and controlled corporation, Paperless, Inc., for personalized prestige license plates bearing the phrases "GOPALIN," "PALIN," "PALIN12," and "PALIN 16." The DMV based its decision on sections 482.320(6)(b)(5) and 482.320(6)(f) of the Nevada Administrative Code ("NAC"), which provided, respectively, that "[n]o combination of letters, numbers or spaces is allowed if it . . . [e]xpresses contempt, ridicule or superiority of . . . political affiliation," or "[i]s determined by the Department to be inappropriate."

An Administrative Law Judge ("ALJ") reversed the denial of the application for the "PALIN," "PALIN12," and "PALIN 16" license plates on September 9, 2010, after which the DMV issued those license plates to Linlor. A "GOPALIN" license plate was ultimately issued to Linlor's colleague, who also applied for it on behalf of Paperless, Inc. Subsequently, on October 6, 2011, Breslow, then the DMV director,

---

[**]    The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

2

issued a memorandum advising the DMV not to "deny any new personalized license plate requests" based on the provisions of the Nevada Administrative Code that were relied upon to deny Linlor's initial applications.

More significantly, the memorandum indicated that the DMV had initiated formal procedures to repeal those provisions. The repeal process entailed, among other procedures, providing notice to the public so that it has an opportunity to comment on proposed amendments, issuing an informational statement describing comments received and responses, *see* Nev. Rev. Stat. § 233B.066, and issuing a summary of the reasons for adopting a regulation without change, if none were made following the comment period. Similar procedures would be required to reinstate the regulations. While this appeal was pending, the amended regulations became final on February 15, 2012, formally repealing sections 482.320(6)(b)(5) and 482.320(6)(f).

We hold that the challenges to the repealed regulations are moot. The repeal of NAC sections 482.320(6)(b)(5) and 482.320(6)(f) reflects a permanent change in the DMV's personalized license plate regulations, so that the challenged conduct "cannot reasonably be expected" to recur. *See White v. Lee*, 227 F.3d 1214, 1243–44 (9th Cir. 2000). Indeed, the formal manner in which the repeal of the regulations was effected, and the comparable steps that would have to be taken before they could be

3

reinstated, combined with the years that have passed since the DMV last enforced those regulations against Linlor or anyone else, as well as the earlier ALJ's ruling, provide sufficient assurance that the "new policy [was] the kind of permanent change that proves voluntary cessation" sufficient to moot Linlor's claims for relief with respect to the regulations. *Bell v. City of Boise*, 709 F.3d 890, 901 (9th Cir. 2013).

Perhaps recognizing the lack of merit in his challenge to the repealed regulations, Linlor argues that the case is not moot because a Nevada statute, Nev. Rev. Stat. § 482.3667(5), "independently authorizes the DMV to prohibit the combination of letters deemed 'inappropriate.'" While Linlor's claim based on section 482.3667(5) is not moot given that this statute has not been repealed, this claim fails on the merits. Linlor's interpretation is inconsistent with a plain reading of that statute, which provides that the DMV "may limit by regulation the number of letters and numbers used and prohibit the use of inappropriate letters or combinations of letters and numbers." Nev. Rev. Stat. § 482.3667(5). It does not authorize the DMV to act without going through the formal process of promulgating regulations prohibiting certain letters and combinations of letters and numbers. Indeed, while the regulations at issue here were in effect, the DMV did not interpret NRS section 482.3667(5) to authorize it to deny license plate applications as inappropriate. Rather, the DMV relied on its regulations, promulgated pursuant to NRS section 482.3667(5),

4

to deny license plate applications, like Linlor's.  The DMV maintains its position that the statute is "simply a grant of rule-making authority to the DMV by the Nevada State Legislature," and Nevada courts "give deference to administrative interpretations." *Thomas v. City of N. Las Vegas*, 127 P.3d 1057, 1070 (Nev. 2006) (citing *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984)).

**AFFIRMED.**